BERNARD MAGER *et al.*, appellants, *v.* BENJAMIN HUTCHINSON, appellee.

*Appeal from Jo Daviess.*

In an action of debt on a promissory note, it was pleaded, that at the time of making such note, it was understood by the parties, that one of the makers was to be liable for its payment only in the event it could not be collected of the other, &c: *Held,* that as a plea is to be construed most strongly against the pleader, the Court were bound to regard the agreement set up therein, as one resting in parol, and therefore, that the defence was unavailing.

The rule of law is well settled, that where a contract is reduced to writing, the writing affords the only evidence of its terms and conditions. It cannot be contradicted, or varied, by the previous or cotemporaneous verbal agreements of the parties, for they are all regarded as merged in the written contract.

A declaration contained two counts, to one of which there was a special plea to which the plaintiff demurred and the defendant joined, and the Court immediately sustained the demurrer and gave judgment for the plaintiff. The plaintiff omitting to take a judgment by *nil dicit* on the other count, the defendant, on appeal to the Supreme Court, assigned the same for error: *Held,* that where the objection was not made in the Court below, it was too late to raise it for the first time in the appellate Court.

In an action of debt, the judgment ought not to be general for the aggregate of the principal and interest, but must specify what portion is the debt, and what is given as damages.

DEBT in the Jo Daviess Circuit Court, brought by the appellant against the appellees, and heard before the Hon. Thomas C. Browne, on a demurrer to a special plea, at the March term 1845. The demurrer was sustained and judgment rendered by the Court for $206 damages.

*O. C. Pratt,* for the appellants, made the following points, to wit:

Mager *et al. v.* Hutchinson.

1. The plea put in was an answer to only part of the declaration, the count on the note, and the plaintiff's interposition of a demurrer amounted to a discontinuance. A motion for judgment as by *nil dicit*, should have been the course of the plaintiff. *Warren* v. *Nexsen*, 3 Scam. 39.

2. The Court erred in sustaining the demurrer, for in doing so it was obliged to assume that the contemporaneous agreement referred to in the plea was verbal and not written. All contemporaneous writings are admissible in such cases. 1 Greenleaf's Ev. § 283; and for ought that the Court knew, such agreement was in writing and therefore admissible.

3. The demurrer reaches back to the first in fault. The declaration was bad in substance. *The People* v. *Van Eps*, 4 Wend. 387.

4. The judgment must be set aside, it being in damages, and the form of the action is debt. The error is incurable. *Heyl* v. *Stapp*, 3 Scam. 95; *Pattison* v. *Hood*, Ib. 152; *Jackson* v. *Haskell*, 2 do. 565.

*C. Gilman,* and *E. B. Washburne,* for the appellee.

The plea in this case is bad, being neither a special plea, nor a plea of the general issue. It has some of the requisites of both, but not sufficient of either to make a good plea of any kind. It commences like the general issue, and then sets up special matter, and concludes with both a verification and to the country.

A special plea which sets up new matter should conclude with a verification, so that the other party may have an opportunity of answering it. 1 Chitty's Pl. 590. Still the Court will give judgment according to the substance of the plea, without reference to its conclusion, except in the case of a plea in abatement. It is not substantially good; what it sets up is no defence to this action.

Where two persons execute a bond, one as principal and the other as surety, one is as much bound to the obligee as the other. *Wilson* v. *Campbell*, 1 Scam. 493.

Where a contract is reduced to writing, the rule is, that the writing affords the only evidence of the terms and condi-

tions of the contract. All antecedent and contemporaneous verbal agreements are merged in the written contract. *Lane* v. *Sharp,* 3 Scam. 573; *Bank of Mount Pleasant* v. *Sprigg,* 1 McLean, 182.

The law will not allow that an agreement may rest partly in writing and partly in parol. Ibid.

The rule is perfectly well established, that "parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument." 1 Greenl. Ev. 315.

"Writing cannot be cut down or taken away by the testimony of witnesses." Tait on Ev. 326.

It is not error for the Court to give final judgment against a defendant upon sustaining a demurrer of the plaintiff to a bad plea. *Clemson* v. *The State Bank of Illinois,* 1 Scam. 45.

The plea answers the whole · declaration, and if it do not, this is not such a case, even according to the rule as laid down by Chitty, ( 1 Chitty's Pl. 553,) as would compel the party to take judgment as by *nil dicit,* or have his action discontinued.

But the rule laid down by Chitty and Serjeant Williams, is not law. The cases they refer to, do not bear out the proposition, while on the contrary there are several cases directly opposed to it. Per Spencer, C. J., in *Sterling* v. *Sherwood,* 20 Johns. 28.

If the plea do not answer the whole declaration, it commences as such, and is therefore bad. *Hinton* v. *Husbands,* 3 Scam. 188.

By an Act to amend the Practice Act of 1827, passed February 7, 1835, the Court was authorized in all cases, where interlocutory judgment shall be given in any action upon a penal bond, or other instrument, and the damages rest in computation, the Court may refer it to the clerk, &c. It is not made imperative upon the Court to require the clerk to make the assessment, but it is perfectly competent for the clerk to do it. *Wilcox* v. *Woods,* 3 Scam. 53.

Should the Court be of opinion, that the form of the judgment is not right, and that there is no other error in the proceeding, they will render such judgment here as should

have been rendered in the Court below.   *Guild* v. *Johnson*, 1 Scam. 405; *Pearsons* v. *Bailey*, Ib. 507.

It is a well settled rule in pleading, that a plea will be construed most strictly against the pleader.   Gould's Pl. ch. 3, § 169; Com. Dig. *"Pleader,"* E. 6.

The Opinion of the Court was delivered by

TREAT, J.*   This was an action of *debt* commenced by Hutchinson against Mager and De Lassoule.  The declaration contained two counts; the first, on a promissory note; the second, for money had and received.  Process was served on De Lassoule only.   He filed a plea to the first count, alleging in substance, that at the time of the execution of the note it was understood by the parties, that De Lassoule was to be liable for its payment only in the event that it could not be collected of Mager; and then averring that no effort had been made to coerce payment from Mager.  There was a demurrer to this plea, which the Court sustained.  A judgment was then entered in favor of the plaintiff for $206, in the form of a judgment in *assumpsit.*  De Lassoule prosecutes an appeal.

The decision of the Circuit Court sustaining the demurrer to the plea is assigned for error.  A plea is to be construed most strongly against the party pleading it.  On this principle, as well as from the phraseology of the plea, we are bound to regard the agreement set up by it, as one resting in parol.  If otherwise, the pleader should so have averred.  By this plea, the defendant seeks to avail himself of a parol agreement respecting the note, made at the time of its execution.  The rule of law is, that where a contract is reduced to writing, the writing affords the only evidence of its terms and conditions.  It cannot be contradicted or varied by the previous or cotemporaneous verbal agreements of the parties.  These are all regarded as merged in the written contract. 1 Greenleaf's Ev. § 275, *et seq.; Lane* v. *Sharp,* 3 Scam. 556.

The note declared on is on its face the joint obligation of

---

* WILSON, C. J., and LOCKWOOD, J., did not sit in this case.

Mager and De Lassoulé. Both are liable to the payee as principals. The parol agreement would most materially change the terms of the contract; and the rights and liabilities of the parties. It would make it the note of Mager only; De Lassoule would be but a guarantor, responsible for its payment only on the happening of a contingency. The plea is clearly bad, and the Circuit Court committed no error in sustaining the demurrer.

It is contended, that the plaintiff discontinued his suit, by omitting to take judgment by *nil dicit* on the second count of the declaration, before tendering a demurrer to the plea, and the case of *Warren* v. *Nexsen*, 3 Scam. 38, is cited to sustain this position. In that case, the pleas answered but a part of the declaration, and after issue on the pleas, the defendant moved for a discontinuance. The plaintiff at the same time entered a cross motion for judgment by *nil dicit* on so much of the judgment as remained unanswered. The Circuit Court decided that the action was discontinued, and over-ruled the cross motion. This Court reversed the judgment on the ground, that the plaintiff had the right to correct his error at any time before final judgment, on the payment of costs, and that the cross motion was, therefore, properly made. It was not decided in that case, that the failure to take the proper judgment by *nil dicit*, could be taken advantage of on error. We are of the opinion that it cannot, where, as in this case, the objection was not made in the Circuit Court. It is too late to raise it for the first time in this Court. If insisted on in the Court below an opportunity is afforded the plaintiff of avoiding the effect of his omission, either by taking the appropriate judgment on the part of the declaration unanswered, or by withdrawing this portion of his declaration entirely from the cause.

It is assigned for error that the judgment is erroneous. This objection is fatal. This Court has repeatedly decided that it is erroneous to enter up judgment in damages in an action of debt. The judgment in this form of action must be for the amount of the original indebtedness established on the trial, as the debt, and the damages for the detention thereof,

which is usually the interest. The judgment ought not to be general for the aggregate of the principal and interest, but must specify what portion is the debt, and what is given as damages. The judgment in this case is for damages only. This was no doubt the error of the clerk, and it is to be regretted that the judgment must be reversed. This is not one of those cases in which the proper judgment can be entered in this Court. The evidence on which the judgment was rendered is not preserved in the record. There is no way of ascertaining what portion of the judgment was for the debt, and what for the damages. The case of *Heyl* v. *Stapp*, 3 Scam. 95, is to the point.

The judgment of the Circuit Court is reversed with costs, and the cause is remanded for further proceedings.

*Judgment reversed.*